IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSE GUZMAN, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:13-CV-303-Y |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| Respondent. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge, as evidenced by his signature hereto, are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. *Nature of the Case*

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. *Parties*

Petitioner Jesse Guzman, Reg. No. 01991-051, is a federal prisoner confined in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is the Warden of FCI-Fort Worth.

### C. Factual Background

Petitioner is currently serving a term of 180 months' imprisonment on his convictions for

bank robbery and aiding and abetting and false information and hoaxes and aiding and abetting in

the United States District Court for the Northern District of Texas, Lubbock Division, in Case No.

5:07-CR-035-01-C.  (Resp't App. at 1)  *See* PACER, U.S. Party/Case Index, Criminal Docket for

# 5:07-CR-035-C-BG-1.  In addition to a special assessment of $200.00, petitioner was also ordered

to pay restitution in the amount of $17,228.00 under the Mandatory Victims Restitution Act of 1996

(MVRA), in $100.00 installments on any unpaid balance 60 days after commencement of his 3-year

term of supervised release.  (Resp't App. at 3-5)  18 U.S.C. § 3663A.  Petitioner appealed the

restitution order, arguing that the amount of restitution should be offset by the amount of stolen

money recovered by the authorities from the robbery.  *United States v. Guzman*, 299 Fed. Appx. 307,

2008 WL 4808707 (5th Cir. Nov. 5, 2008).  The Fifth Circuit determined that $7,251.00 had been

collected and credited against the ordered restitution amount and dismissed the appeal as moot.

(Resp't App. at 6)  Petitioner also filed a § 2255 motion to vacate, set aside or correct sentence

challenging his sentence on other grounds, to no avail.  *Guzman v. United States*, PACER, U.S.

Party/Case Index, Civil Docket for # 5:09-CV-229-C.

Petitioner files this habeas petition seeking modification of the restitution order to take into

account the amount recovered from the stolen proceeds.  He also seeks modification of the

conditions of his supervision to reflect that his payments commence under the order 180 days after

his release, instead of 60, and that he make installments of $25.00 per month, instead of $100.00,

due to a material change in his economic circumstances.  (Pet'r Mem. at 1; Pet'r Reply at 4))

2

### D. Legal Discussion

Respondent asserts petitioner's first claim is moot and should be dismissed because the Fifth Circuit has already determined that the restitution amount has been offset by the amount recovered by the victim bank. (Resp't Resp. at 2-3) Respondent asserts this court lacks jurisdiction to consider petitioner's second claim, which can only be heard by the sentencing court pursuant to 18 U.S.C. § 3664(k) and/or a § 2255 motion to vacate, set aside or correct sentence. (*Id.* at 3-5)

A federal court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3).

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered, under the so-called "savings clause" of § 2255(e), if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable

3

decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner argues that the petition must be a § 2241 petition "because his only potential § 2255 would fail" and the petition "could only be said to object to the legality of the structure of the penalty under the Mandatory Victims Restitution Act." (Pet'r Reply at 3) A prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not render the § 2255 remedy ineffective or inadequate. *Pack v. Yusuff,* 218 F.3d 448, 452-53 (5th Cir. 2000); *Tolliver*, 211 F.3d at 878. Furthermore, the Fifth Circuit has determined that a district court lacks jurisdiction to modify a restitution order under § 2255 or § 2241, because a monetary penalty is not a sufficient restraint on liberty to meet the "in custody" requirement. *Taylor v. Warden U.S. Penitentiary Pollock*, 433 Fed. Appx. 278, 2011 WL 2899604, at *1 (5th Cir. July 20, 2011); *United States v. Hatten,* 167 F.3d 884, 886-87 & n.6 (5th Cir. 1999). Instead, "restitution . . . is a sentencing issue that should be raised on direct appeal." *Hatten*, 167 F.3d at 887 n.5; see also *Campbell v. United States*, 330 Fed. Appx. 482, 2009 WL 1472217, at *1 (5th Cir. May 27, 2009) (same); *United States v. Medlin,* 54 Fed. Appx. 592, 2002 WL 31730407 at *1 (5th Cir. Nov. 27, 2002) (same).

The Fifth Circuit has already decided petitioner's first claim on direct appeal, and this court lacks jurisdiction to consider any claim collaterally attacking the restitution order by the convicting court.[1] To the extent petitioner seeks to modify the conditions of his supervised release, a motion

---

[1]Court-imposed payment schedules under the MVRA are not to be confused with payment plans designed by the BOP under the Inmate Financial Responsibility Program (IFRP). A challenge
(continued...)

for modification under § 3664(k) provides the proper vehicle to bring the matter to the sentencing

court's attention.  18 U.S.C. 3664(k).[2]

## II. RECOMMENDATION

It is therefore recommended that petitioner's petition for writ of habeas corpus be dismissed

for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy.  See 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and

---

[1](...continued)
to a restitution payment schedule set by the BOP pursuant to the IFRP is properly raised in a § 2241 petition, after administrative remedies are exhausted, because it is a challenge to a BOP administrative program and not to any action by the district court, a distinction that has no bearing on petitioner's situation. *United States v. Diggs*, 578 F.3d 318, 319-20 & n.1 (5th Cir. 2009).

[2]Section 3664(k) provides:

A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.  The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.  The Attorney General shall certify to the court that the victim or victims owned restitution by the defendant have been notified of the change of circumstances.  Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

recommendation until August _____ *26* , 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August _____ *26* , 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August _____ *5* , 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6